UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEMAINE TYRONE PATE,

        Plaintiff,

     v.                                                Case No. 21-C-598

SGT. PALMER,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Jemaine Pate, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Pate's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Pate has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Pate has filed a certified copy of his prison trust account statement for the three-month period immediately preceding the filing of his complaint, instead of the six-month period as required under 28 U.S.C. §1915(a)(2). This is the period he has been incarcerated at Waupun Correctional. He was assessed and paid an initial partial filing fee of $45.03. Pate's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Pate alleges that, on November 3, 2020 while incarcerated at the Milwaukee Secure Detention Facility, Defendant Sgt. Palmer served him breakfast. According to Pate, as he was reaching for the last of his food, Palmer slammed the port door on his right-hand pinky finger, dislocating his finger. Pate asserts that he yelled out in pain and showed Palmer his injury, but he was left in his cell for hours without treatment. Pate states that, as a result of the delay, he had to see a surgeon to address his injury. Pate alleges that his finger is now deformed.

## THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The "central question" when evaluating the force used against a prisoner is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (*quoting Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Of course, it has long been held that "something more than mere negligence" is needed to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Further development of the record is necessary to determine whether Palmer knew Pate's hand was in the port when he slammed the port door shut. Accordingly, the Court will allow Pate to proceed with an excessive force claim.

The Court also will allow Pate to proceed on a deliberate indifference claim against Palmer based on allegations that, after Pate cried out in pain and showed Palmer his injured finger, Palmer did not make immediate efforts to get medical treatment for Pate. *See Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) ("Deliberate indifference may occur where a prison official, having

3

knowledge of a significant risk to inmate health . . . delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering.").

**IT IS THEREFORE ORDERED** that Pate's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Pate's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sgt. Palmer.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Sgt. Palmer shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Pate shall collect from his institution trust account the $304.97 balance of the filing fee by collecting monthly payments from Pate's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Pate is transferred to another institution, the transferring institution shall forward a copy of this Order along with Pate's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Pate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Pate is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Pate may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 3rd day of June, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge